IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYELLEN SANDHOLM,** <br> **Plaintiff** | : <br> : <br> : |
| VS. | :    NO. 17_____ <br> : |
| **THE HARTFORD** <br> **Defendant** | : <br> : |

## COMPLAINT

1. Plaintiff, Maryellen Sandholm, is an adult individual residing at 1406 Spring Drive in Walnutport, Northampton County, Pennsylvania 18088.

2. Defendant, The Hartford is an insurance company and is the Administrator of the an employee benefit plan of Lehigh Valley Health Network plan that provides for payment of Long Term Disability benefits, which is governed by the Employee Retirement Income Security Act ("ERISA").

3. Defendant was organized under the laws of Connecticut with a mailing address of One Hartford Plaza, Hartford, Connecticut, 06155.

4. Plaintiff was covered by the Long Term Disability Policy due to her employment at Lehigh Valley Health Network, Inc.

## JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case arises under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C § 1001, et seq. as Plaintiff is seeking payment of long term disability benefits under a group long term

disability insurance plan under Plaintiff's policy with Defendant that was provided by her employer, Lehigh Valley Health Network, Inc.

6. At all relevant times, Plaintiff was a covered employee under a policy of insurance administered by Defendant for Long Term Disability under policy number GLT402693 and assigned an Insured ID of 9000074241.

7. Plaintiff became disabled and unable to work beginning February 2, 2015, and received disability payments under the plan.

8. Plaintiff continued to receive benefits through March 31, 2017, when Defendant determined that Plaintiff no longer met the definition of disability provided for in the plan as set forth in an April 3, 2017, letter to her from Defendant.

9. Plaintiff supplied additional medical records and filed an appeal under as per the plan on September 22, 2017.

10. The medical evidence in Plaintiff's file showed that she had a lumbar spinal fusion, arthritic knees that require visco-supplemenation injections, treatment for a meningioma tumor, and a functional capacity examination that rated her as unable to perform even sedentary work activity.

11. On November 7, 2017, Defendant notified Plaintiff that Defendant upheld it's determination that Plaintiff was not disabled under the plan and opined that she could return to her own occupation.

12. Concurrently with receiving long term disability, Plaintiff sought Social Security disability benefits and was approved for disability benefits based on her medical condition.

13. Defendant was aware that Plaintiff was receiving disability benefits through Social Security but distinguished the plan's definition from Social Security's definition of disability because <u>inter alia</u> Social Security uses age as a factor, whereas Defendant does not.

14. While it is true that Social Security uses age as a factor in certain cases, Social Security will not find an individual disabled, irrespective of age, if it determines that an individual can perform her own occupation as Defendant did here, and therefore it appears as if Defendant did not property weigh Social Security's determination of disability as heavily as it should have.

15. After Plaintiff's appeal, Defendant employed a physician to review Plaintiff's medical records, who opined that Plaintiff could sit up to one hour at a time in an 8 hour work day, and therefore would need frequent breaks from a seated position throughout a work day.

16. Even accepting its own physician's opinion, Defendant did not vocationally address how Plaintiff would be able to perform her occupation with the need to take frequent breaks from a seated position while working her own occupation as a receptionist.

17. The evidence in Plaintiff's file, specifically the reports and medical records of Plaintiff's treating physicians supports Plaintiff's entitlement to ongoing disability benefits.

18. Plaintiff is therefore seeking past disability benefits under the Long Term Disability policy with Defendant from April 1, 2017, ongoing together with interest of unpaid benefits and reasonable attorney's fees.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendant requiring Defendant to reinstate Plaintiff's Disability Benefits from the date of the denial, together with interest and reasonable attorney's fees.

> Respectfully submitted,
> ORLOSKI LAW FIRM
>
> _____
> Kevin L. Orloski, Esq.
> Attorney for Plaintiff
> Attorney ID No. 90861
> 111 N. Cedar Crest Blvd.
> Allentown, PA 18104
> 610-433-2363